NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM OSCAR HARRIS © 1960, All : <br> Rights Reserved; REGINALD DAVID   : <br> LUNDY © 1949, All Rights Reserved;   : <br> REGINALD MONTEZ WOOTEN © <br> 1988, All Rights Reserved; ARTHUR   : <br> THOMAS OUTTERBRIDGE © 1958, All: <br> Rights Reserved;  ROBERT MCCURDY  : <br> © 1960, All Rights Reserved,         : <br>                           : <br><br>         Plaintiffs, <br><br>            v. <br><br> JEROME B. SIMANDLE, <br> CHRISTOPHER J. CHRISTIE, ROBERT <br> STEPHEN STIGALL, RENEE M. <br> BUMB, WILLIAM T. WALSH, JOEL . <br> ROSEN, EDWARD F. BORDEN, TROY <br> A. ARCHIE, DAVID RUDENSTEIN, <br> ROCCO C. CIPPARONE, JERRALD D. <br> COLTON, JEREMY D. FREY, and <br> PETER L. BRUSO, <br><br>            Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No.   04-2284  (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court on Defendants'-Petitioners'[1] motion for Order To

---

[1]     For purposes of clarity and consistency, Defendants-Petitioners,  Hon. Jerome B. Simandle, Hon. Joel B. Rosen, William T. Walsh, Christopher Christie, Renee Bumb and Robert Stigall will be referred to as Defendants and Plaintiffs-Respondents will be referred to as Plaintiffs unless otherwise noted.

Show Cause for Temporary Restraints pursuant to Rule 65(b) of the Federal Rules of Civil

Procedure. Further, Defendants seek to permanently enjoin Plaintiffs from filing and serving any

complaint, petition, motion or application against certain government officials or attorneys

without leave of court.  Defendants also seek dismissal of the Complaint pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure   The motions were decided without oral

argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.  For the reasons set forth

below, Defendants' motions are **denied**.  The Court <u>sua</u> <u>sponte</u> will dismiss the Complaint

pursuant to Fed. R. Civ. P.  8.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendants in this action are the Honorable Jerome B. Simandle, U.S.D.J.,  William T.

Walsh, Clerk, U.S. District Court, District of New Jersey, the Honorable Joel B. Rosen,

U.S.M.J., Christopher Christie, United States Attorney, District of New Jersey, and Renee Bumb

and Robert Stigall, Assistant United States Attorneys.  Defendants Edward Borden, Troy Archie,

David Rudenstein, Rocco Cipparone, Jerald Colton, Jeremy Frey, Lori Koch, Mark Catanzaro

and Peter Bruso[2] are not partys to the instant motions.  The Defendants were named in a civil

action originally filed in the Superior Court of New Jersey and removed to this Court.

Plaintiffs' Complaint is confusing, muddled and virtually indecipherable.  The Complaint

contains attachments that, aside from the indictment, are replete with hodgepodge that this Court

---

[2]        Although not indicated in the submissions, the Court believes these Defendants to
be attorneys licensed to practice in New Jersey.  Further, there is no indication whether these
Defendants were ever served with the Complaint.

finds difficult, if not impossible to comprehend.   To the extent that Plaintiffs' submissions can be deciphered, it appears that the Complaint[3] focuses on an indictment presently pending against Plaintiffs before Judge Simandle under Criminal No. 03-0354 (JBS).  Copies of the indictment are attached to Plaintiffs' Complaint.  The Complaint appears to ask the Court to order the government to divest itself of evidence collected in the criminal investigation prior to trial.  The Complaint also apparently seeks equitable relief for the "return of all photographs, fingerprints, DNA samples, handwriting exemplars, all media and other personal property of Plaintiffs in possession or control of Defendants." (Complaint, p. 4) Plaintiffs also "request summary judgment on their administrative remedy." (Id.)  In addition, Plaintiffs "request the Court to Order Defendants to pay the sum certain One Million Six Hundred Eighty-Two Thousand and One Hundred ($1,682,100.00) dollars over to the Plaintiffs for actual Attorneys' fees and Court cost [sic]." (Id.)  Indeed, not only have Plaintiffs done nothing more than file a Complaint, they are acting pro se.

DISCUSSION

A.  Order To Show Cause For Temporary Restraints And Injunctive Relief

Defendants seek an injunction because they believe that Plaintiffs are "engaged in a perverse endeavor to either harass and threaten the Federal Defendants, or thwart justice by attempting to have a court order the government to divest itself of evidence collected in a criminal investigation prior to trial." (Defendants' Statement in Lieu of Brief, p. 3) Defendants

---

[3]   The Court deems Plaintiffs' submission entitled "Verified Amended Complaint Bill In Equity By Special Visitation," as Plaintiffs' Complaint.

ask the Court to enter an Order either temporarily or permanently enjoining Plaintiffs from filing additional lawsuits, motions or applications (or like document) against: (1) any current or former officer, employee or agent of the United States and its agencies (including, but not limited to, judges, attorneys and court personnel), or (2) any attorney (or law firm) who has appeared in a case representing any plaintiff or adversary of any plaintiff, regarding their acts or omissions with respect to any claim, lawsuit, complaint, petition, motion or application (or like document) of Plaintiffs without first seeking leave of court. (see id. at 7).

The Court is unable to grant a preliminary injunction because Defendants (Petitioners) have not met the burden of proof required for a preliminary injunction. To obtain a preliminary injunction, a petitioner must show a likelihood of success on the merits; that he will suffer irreparable harm if the injunction is denied; that granting the relief will not result in greater harm to the defendant; and, that granting the relief is consistent with the public interest. See Nutrasweet Co. v. Vit-Mar Enters., Inc., 176 F.3d 151, 153 (3d Cir.1999); Allegheny Energy, Inc. v. DQE, Inc., 171 F.3d 153, 158 (3d Cir.1999); Maldonado v. Houstoun, 157 F.3d, 179, 184 (3d Cir.1998), cert. denied, 526 U.S. 1130, 119 S.Ct. 1802, 143 L.Ed.2d 1007 (1999); Pappan Enters., Inc. v. Hardee's Food Systems, Inc., 143 F.3d 800, 803 (3d Cir.1998); Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir.1994). The issuance of a preliminary injunction is an "extraordinary remedy" which should be confined to "limited circumstances." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir.1989). A preliminary injunction should be granted only if the petitioner demonstrates that all four factors favor such relief. See AT & T v. Winback &

Conserve Program, Inc., 42 F.3d 1421, 1427 (3d Cir.1994); Opticians Association of America v. Independent Opticians of America, 920 F.2d 187, 192 (3d Cir.1990).

The essential function of a preliminary injunction is to maintain the status quo pending a final determination of the parties' rights and obligations. See Acierno v. New Castle County, 40 F.3d 645, 647 (3d Cir.1994). For this reason, courts are wary about granting mandatory injunctive relief, particularly when this would effectively give the petitioner what he ultimately seeks in the underlying lawsuit. See Phillip v. Fairfield Univ., 118 F.3d 131, 133 (2d Cir.1997); Acierno, 40 F.3d at 647; Iron City Indus. Cleaning Corp. v. Local 141, Laundry & Dry Cleaners Int'l. Union, 316 F.Supp. 1373, 1376 (W.D.Pa.1970). A preliminary injunction is generally inappropriate when legal remedies, including money damages, are available to the plaintiff. See Anderson v. Davila, 125 F.3d 148, 163 (3d Cir.1997); Acierno, 40 F.3d at 653; Dice v. Clinicorp., Inc., 887 F.Supp. 803, 809 (W.D.Pa.1995).

In this case, Defendants submissions to the Court in support of their application are insufficient. Defendants have not shown that they will suffer irreparable harm if the injunction is denied. Defendants have not met the high burden required for a preliminary injunction. Therefore, Defendants' motion for a preliminary and permanent injunction is **denied**.

B. Motion To Dismiss Pursuant To Rule 12(b)(b)

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the Complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Worth v. Selden, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc.

v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1988); Robb v. Philadelphia, 733 F.2d 286,

290 (3d Cir. 1984).  In evaluating a Rule 12(b)(6) motion to dismiss, a court may consider only

the Complaint, exhibits attached to the Complaint, matters of public record, and undisputedly

authentic documents if the plaintiff's claims are based upon those documents.  Pension Benefit

Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

When deciding a motion to dismiss for failure to state a claim, courts in the Third Circuit

may review facts alleged in the Complaint, documents explicitly relied upon or incorporated by

reference in the Complaint, and may examine other documents integral to the Complaint.  In re

Burlington Coat Factory Sec. Lithog., 114 F.3d 1410, 1426 (3d Cir. 1997).  "We must determine

whether, under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief,

and we must accept as true the factual allegations in the complaint and all reasonable inferences

that can be drawn therefrom."  Name v. Faber, 82 F.3d 63, 65 (3d Cir. 1996).  While Federal

Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing

that the pleader is entitled to relief," Rule 12(b)(6) is not without meaning.  "Although the

pleading requirements ... are very liberal, more detail is often required than the bald statement by

plaintiff that he has a valid claim of some type against defendant."  5A Charles A. Wright and

Arthur R. Miller, FEDERAL PRACTICE and PROCEDURE § 1357 at 318 (2d ed. 1990).  If, after

viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears

beyond doubt that no relief could be granted "under any set of facts which could prove consistent

with allegations," a court shall dismiss a complaint for failure to state a claim.  Hechuan v. King

-6-

& Spalding, 467 U.S. 69, 73 (1984); Lynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir. 1982).

Defendants argue that the Complaint fails to set forth a claim for which relief may be granted because "even a cursory perusal of the complaint in this matter reveals that the complaint fails to contain any facts, and asserts no recognizable cause of action in favor of plaintiffs." (Defendants' Statement in Lieu of Brief, p. 4).

The Court agrees with Defendants' assessment of the Complaint, although a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is not the only remedy. The Complaint is so utterly indecipherable that Defendants' motion could have been made pursuant to Fed. R. Civ. P. 8. The Court "may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action." Tamari v. Bache & Co., (Lebanon) S.A.L., 565 F.2d 1194, 1198, cert. denied, 435 U.S. 905, 98 S.Ct. 1450 (1978). Therefore, the Court will dismiss the Complaint sua sponte pursuant to Rule 8. See e.g., Bowers v. NCAA, 9 F. Supp.2d 460, 497-98 (D.N.J. 1998)(citing Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3rd Cir. 1980)).

C. Motion To Dismiss Pursuant To Rule 8

Under Fed. R. Civ. P. 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint satisfies the Rule 8 pleading requirements if it gives notice and the grounds upon which plaintiff's claim rests." Nix v. Welch & White, P.A., 55 Fed. Appx. 71,72 (3rd Cir. 2003) (citing Swierkiewica v. Sorema N.A., 534 U.S. 506, 514, 152 L. Ed. 2d 1 (2002)). Although a

complaint need not allege every element of plaintiff's claim, "it must plead facts sufficient to provide the defendant "with fair notice of the transaction and set forth the material points necessary to sustain recovery." Id. (quoting <u>Menkowitz v. Pottsdown Mem'l. Med. Ctr.</u>, 154 F.3d 113, 124 (3rd Cir. 1998)).

Insofar as it is possible to extract meaning from Plaintiffs' Complaint, it appears that the Complaint focuses on an indictment presently pending against Plaintiffs under Criminal No. 03-0354 (JBS). Plaintiffs do not mention the indictment in the Complaint, but the Court infers that the Complaint centers around the indictment based on copies of the indictment attached to the Complaint.

In interpreting Fed. R. Civ. P. 8, The Supreme Court of the United States has held that "[a]ll the rule requires is a short and plain statement . . . that gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). Rule 8(f) of the Federal Rules of Civil Procedure directs courts to construe pleadings so as to do substantial justice. Fed. R. Civ. P. 8(f). When, as in this case, a party files a <u>pro se</u> complaint, it is to be held to a less stringent standard than formal pleadings drafted by attorneys. <u>Hughes v. Rowe</u>, 449 U.S. 5, 9, 66 L. Ed. 2d 163 (1980). Accordingly, a court will construe a <u>pro se</u> complaint liberally. <u>Zilich v. Lucht</u>, 981 F.2d 694 (3d Cir. 1992).

However, even when liberally construed, the Complaint simply does not make sense. For example: paragraph twelve (12) of the Complaint asserts that "Plaintiffs have established 'judgment in estoppel' against Defendants;" paragraph thirteen (13) asserts that Plaintiffs'

"administrative remedy is res judicata;" and paragraph fourteen (14) asserts that "failure of Defendants to respond in this matter is stare decisis." Indeed it is difficult, if not impossible to see how these paragraphs relate to the indictment. Furthermore, although Defendants are named in the caption of the Complaint, the body of the Complaint is devoid of any specific references to the named Defendants that would allow them to comprehend the potential claim they face.

Despite the relaxed standards to which pro se petitioners are entitled, a court must have minimum standards. It would unfairly prejudice Defendants to ask them to answer vague and ambiguous accusations that neither they nor this Court can possibly understand. Carlton v. City of Philadelphia, 2004 U.S. Dist. LEXIS 5569 (E.D. Pa. 2004). Accordingly, this Court will dismiss Plaintiffs' Complaint sua sponte pursuant to Rule 8 of the Federal Rules of Civil Procedure.

A complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). See e.g. Schmidt v. Herrmann, 614 F.2d 1221 (9th Cir. 1980); Von Poppenheim v. Portland Boxing & Wrestling Comm., 442 F.2d 1047 (9th Cir. 1971), cert. denied, 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731 (1972); Corcoran v. Yorty, 347 F.2d 222 (9th Cir. 1964), cert. denied, 382 U.S. 966, 86 S.Ct. 458, 15 L.Ed.2d 370 (1965); Agnew v. Moody, 330 F.2d 868 (9th Cir. 1963), cert. denied, 379 U.S. 867, 85 S.Ct. 137, 13 L.Ed.2d 70 (1964). Since this Complaint is so utterly incomprehensible and therefore cannot be supported by any legal claim or theory of law, in the interests of justice and judicial economy, the dismissal will be with prejudice.

-9-

<u>CONCLUSION</u>

For the aforementioned reasons Defendants' motions are **denied** and the Complaint is

**dismissed with prejudice**.  An appropriate Order accompanies this Opinion.

DENNIS M. CAVANAUGH, U.S.D.J.

Date:          May 20, 2004

Original:     Clerk's Office

Copies:       Hon. Mark Falk, U.S.M.J.
              All Counsel of Record
              File